# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | Case No. 15-71469-FJS |
| FREDERICO JUARBE, JR., ) | |
| ) | Chapter 13 |
| *Debtor*. ) | |
| ) | |

## ORDER

This matter came before the Court for hearing on June 23, 2015 (the "Hearing"), on the Objection to Confirmation of Plan filed by R. Clinton Stackhouse, Jr., Chapter 13 Trustee on June 15, 2015 (the "Objection"). The following individuals appeared at the Hearing: John W. Tripp, counsel of record for the above-captioned Debtor and attorney at the Tidewater Law Group, PLLC (the "Tidewater Group"); and Kelly Barnhart, counsel for Mr. Stackhouse.

The Objection described various ways in which the engagement letter between the Tidewater Group and the Debtor (the "Engagement Letter")[1] contravened the attorney-compensation rules set forth in Local Rule 2016-1.[2] In addition, the Objection noted that the Engagement Letter contained a prospective release of malpractice liability, in violation of Professional Rule 1.8(h), as made applicable to this Court by Local Rule 2090-1(I). For these reasons, the Objection sought to deny confirmation of the Debtor's original chapter 13 plan (the "Plan") under Bankruptcy Code § 1325.

---

[1] A copy of the Engagement Letter was attached as Exhibit B to the Objection.

[2] In this Order, the term "Local Rule" is used to refer to a rule within the Local Bankruptcy Rules for this Court; "Bankruptcy Rule" is used when referring to a rule within the Federal Rules of Bankruptcy Procedure; "Bankruptcy Code" refers to Title 11 of the United States Code; "Professional Rule" is used when referring to a rule within the Virginia Rules of Professional Conduct.

**Suspension of Local Rule 2016-1(C) to the Tidewater Law Group**

Under Local Rule 2016-1(C)(1)(a) and (C)(3)(a), an attorney representing a chapter 13 debtor may elect to seek compensation for fees and reimbursement of expenses of no more than $5,000 ("2016-1(C) Election").[3] Alternatively, an attorney may forgo this election and submit an application for compensation pursuant to Bankruptcy Code § 330 and Bankruptcy Rule 2016.[4]

The Tidewater Group made the 2016-1(C) Election in this case by pursuing a $5,000 flat fee in the 2016 Disclosure[5] and the Plan. *See* ECF No. 1, at 36; ECF No. 2, at 2. In exchange for this flat fee, Tidewater Group had an obligation to comply with Local Rule 2016-1(C)(3)(c), which provides that an attorney making a 2016-1(C) Election,

> shall not unbundle legal services in the case and must cover, at a minimum, all services typically required during the pendency of the case, including but not limited to, those that reasonably would be expected to obtain confirmation of a plan, and ultimately, completion of the plan and if available, a discharge.

The only exception to this prohibition against unbundling legal services is set forth in Local Rule 2016-1(C)(3)(d). This rule permits an attorney, upon proper application, to seek compensation above the flat fee established by a 2016-1(C) Election to commence or defend an adversary proceeding or an appeal. Having made the 2016-1(C) Election, the Tidewater Group was barred from requesting fees above the flat fee for any services that are not enumerated in Local Rule 2016-1(C)(3)(d).

---

[3] The maximum allowable compensation permitted under the 2016-1(C) Election adjusts periodically according to Local Rule 2016-1(C)(3)(e).

[4] The current version of Local Rule 2016-1(C) took effect on August 1, 2014, well before this case was filed.

[5] The 2016 Disclosure refers to Official Form B203 – Disclosure of Compensation of Attorney for Debtor. *See* ECF No. 2.

The Engagement Letter describes a compensation scheme that is inconsistent with the Tidewater Group's 2016-1(C) Election. As detailed in the Objection, the Engagement Letter is replete with examples in which the Tidewater Group impermissibly attempts to unbundle legal services from the flat fee allowed by the 2016-1(C) Election. The following is but a sample of the services that the Engagement Letter excludes from the $5,000 flat fee: filing a motion to vacate dismissal; filing a motion to reopen a case; defending a motion for relief from stay; defending an objection to a claimed exemption; and representation during an examination under Bankruptcy Rule 2004. Obviously, none of these services are enumerated in Local Rule 2016-1(C)(3)(d) because they do not involve adversary proceedings or appeals. Accordingly, the Tidewater Group was not entitled to compensation above the $5,000 flat fee for performing any of these services.

In sum, the Tidewater Group made the 2016-1(C) Election, and via the Engagement Letter, sought to collect fees for services that are not enumerated in Local Rule 2016-1(C)(3)(d). Therefore, the Court finds that, through the terms of the Engagement Letter, the Tidewater Group repeatedly failed to comply with Local Rule 2016-1(C) in this bankruptcy case.

The 2016-1(C) Election is a privilege afforded to chapter 13 debtors' attorneys through which this Court efficiently implements Bankruptcy Code § 330 and Bankruptcy Rule 2016. This election is not an entitlement. An attorney who enjoys the benefits of a 2016-1(C) Election must disclose and deliver legal services to chapter 13 debtors consistent with the requirements imposed by Local Rule 2016-1(C)(3)(c). By extension, an attorney who makes a 2016-1(C) Election cannot request additional compensation except as specifically set forth in 2016-1(C)(3)(d). The successful operation of a 2016-1(C) Election necessarily requires an attorney who makes this election to be accurate and forthright. Absent an appropriate degree of care and

candor by the filing attorney, a 2016-1(C) Election ceases to be an appropriate vehicle through which an attorney can receive reasonable compensation consistent with Bankruptcy Code § 330 and Bankruptcy Rule 2016.

To give effect to this dynamic, Local Rule 2016-1(C)(3)(a)(v) provides that "the Court, *sua sponte*, may suspend the application of [Local Rule 2016-1(C)] to the debtors's(s') attorney. In such case, the attorney for the debtor(s) may request a hearing within 14 days of the Court's ruling." A suspension under Local Rule 2016-1(C)(3)(a)(v) is not a determination of an attorney's fees—the attorney is merely suspended from using the mechanism provided by Local Rule 2016-1(C) to seek compensation. Instead, the attorney must apply for reasonable fees and expenses under Bankruptcy Code § 330 and Bankruptcy Rule 2016.

The Court is concerned with the systematic and seemingly-deliberate manner in which the Engagement Letter violates Local Rule 2016-1(C). The 2016 Disclosure and Plan each disclosed that the Tidewater Group would charge a flat fee to cover all services but for adversary proceedings and appeals. Yet, the Engagement Letter reflects a far different, and wholly impermissible, fee arrangement.

Moreover, Mr. Tripp indicated at the Hearing that the Engagement Letter reflects a form letter that the Tidewater Group has used for all of its chapter 13 debtor clients since August 2014. Therefore, the Tidewater Group appears to have adopted a prohibited fee arrangement for all chapter 13 cases it has filed since that time.

Accordingly, the Court finds that the Tidewater Group has failed to discharge the standard of care and candor imposed on any attorney who seeks to enjoy the streamlined benefits of a 2016-1(C) Election. This conclusion is bolstered by Mr. Tripp's candid, albeit astonishing, revelation at the Hearing that he had not closely read the Engagement Letter.

4

Based upon these findings and Mr. Tripp's representations at the Hearing, the Court further finds that the Tidewater Group's repeated violations of Local Rule 2016-1(C) constitute cause to invoke Local Rule 2016-1(C)(3)(a)(v). Therefore, the Court finds that it should suspend the application of Local Rule 2016-1(C) with respect to the attorneys and other professionals affiliated with the Tidewater Group, pending further order of the Court. For the avoidance of doubt, the attorneys referenced in the preceding sentence include those that are listed on the letterhead and signature block of the Engagement Letter: Seth A. Schoenfeld, Esquire; John W. Tripp, Esquire; Kevin D. Frank, Esquire; and Joan W. Champagne, Esquire (each a "Tidewater Attorney" and collectively, the "Tidewater Attorneys").

**Mandatory Reporting to the Virginia State Bar**

In addition to its inability to conform to Local Rule 2016-1(C), the Engagement Letter also violates Professional Rule 1.8(h) because it contains an exculpation provision that prospectively releases the Tidewater Group from malpractice liability (the "Exculpation Provision"). Professional Rule 1.8(h) unambiguously establishes that "[a] lawyer shall not make an agreement prospectively limiting the lawyer's liability to a client for malpractice . . . ."[6]

The Exculpation Provision is located on page 9, paragraph 18 of the Engagement Letter, and provides:

> In a situation where either [f]oreclosure sale, garnishment, or levy is to occur in less than ten days from you retaining the firm, your signature on this document releases the firm and its employees from liability arising from the loss of your property due to error, mistake, omission or negligence in halting these proceeding [*sic*], if said mistake occurred as a result of Client's waiting until within ten (10) days of collection event to hire the Firm.

---

[6] Professional Rule 1.8(h) allows for a prospective release of malpractice liability in the limited situation in which (i) an attorney is an employee of the client, and (ii) the client is independently represented in making that agreement. This narrow exception is inapplicable here and in every other case before this Court in which a Tidewater Attorney is counsel of record.

5

The Exculpation Provision attempts to prospectively limit the Tidewater Group's liability to the Debtor for malpractice in certain circumstances.[7] Accordingly, the Court finds that through the Engagement Letter, the Tidewater Group has failed to comply with Professional Rule 1.8(h).

As licensed attorneys, the Tidewater Attorneys are part of a self-governing profession:

> The legal professional is largely self-governing. . . . [Its] relative autonomy carries with it special responsibilities of self-government. . . . Every lawyer is responsible for the observance of the Rules of Professional Conduct. A lawyer should also aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which it serves.

Va. R. Prof. Resp. Preamble. In recognition of the profession's relative autonomy, the Professional Rules impose a duty upon licensed attorneys to report attorney misconduct, including their own. *See, e.g.*, Va. R. Prof. Resp. 8.3. The Virginia State Bar offers several resources to its members to assist them in discharging these duties. For instance, a member of the Virginia State Bar may request a written legal ethics opinion ("LEO") from the Standing Committee on Legal Ethics. A LEO does not provide any findings of fact or conclusions of law but instead serves to provide guidance about whether the behavior contemplated by the LEO complies with a given Professional Rule.[8]

As a result of the foregoing, the Court finds that the Tidewater Group should be required to report the Exculpation Provision and page 11, paragraph 28 of the Engagement Letter to the

---

[7] As noted in the Objection, page 11, paragraph 28 of the Engagement Letter contains another improper prospective release of malpractice liability for the Tidewater Group's inadvertent disclosure of confidential client information.

[8] *See generally Request an Informal Legal Ethics Opinion*, Va. State Bar, http://www.vsb.org/site/regulation/request-leo (late updated Sept. 9, 2011).

appropriate authorities at the Virginia State Bar. The Tidewater Group shall send a copy of its Virginia State Bar report to each Chapter 13 Trustee in this Division.

**Compulsory Remedial Action**

This case raises significant questions about whether the Tidewater Attorneys possess the competence, diligence, and ethics required to practice before this Court. Bankruptcy Code § 105(a) affords the Court broad latitude to regulate litigants' behavior to ensure compliance with the Local Rules and the Professional Rules. *See In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)); *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 955 (4th Cir. 1995); *accord, e.g.*, *Jones v. Bank of Santa Fe* (*In re Courtesy Inns, Ltd.*), 40 F.3d 1084, 1089 (10th Cir. 1994); *In re Miners Oil Co*, 502 B.R. 285, 305 (Bankr. W.D. Va. 2013); *Office of the U.S. Tr. v. Bresset* (*In re Corkery*), 246 B.R. 784, 795 (Bankr. M.D. Pa. 2000); *In re Green*, Case No. 13-02513-8-RDD, 2014 WL 985467, at *3 (Bankr. E.D.N.C. Mar. 13, 2014). Through this authority, the Court compels the Tidewater Attorneys to perform the following.

<u>CM/ECF Retraining</u>

The number of serious legal and ethical deficiencies contained in the Engagement Letter convinces the Court that the Tidewater Attorneys are in need of remedial action should they wish to continue practice before this Court. Accordingly, the Court finds that each Tidewater Attorney must retake a training session described by CM/ECF[9] Policy 2(D)(1) ("ECF Training") no later than July 16, 2015. The Court further finds that should a Tidewater Attorney fail to comply with

---

[9] CM/ECF refers to Case Management/Electronic Case Files. The CM/ECF Policy Statement for this Court is available at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=546. *See also* Local Rule 5005-2.

the terms of the preceding sentence, that Tidewater Attorney will be suspended from electronically filing documents with this Court through CM/ECF, until retraining is obtained.

An attorney who successfully completes ECF Training receives an email from the Court (i) confirming successful completion of such training and (ii) providing the attorney with CM/ECF login and password information (an "Email Confirmation").

For the purposes of this Order, the timestamp on a Tidewater Attorney's Email Confirmation will determine whether that attorney met the July 16, 2015 deadline. Therefore, the Court finds the Email Confirmation for each Tidewater Attorney must be electronically filed in the above-captioned case, with login and password information redacted.

Supplemental Continuing Legal Education

The Court further finds that Mr. Tripp must perform additional corrective action. He is an experienced practitioner and the only Tidewater Attorney who regularly appears before this Court. Mr. Tripp admitted to the Court that he had not read the Engagement Letter and was therefore unaware that it contravened Local Rule 2016-1(C) and Professional Rule 1.8(h). For him to display such ignorance of the terms of his own Engagement Letter is simply inexcusable.

Accordingly, the Court finds that Mr. Tripp should be required to complete eight hours of approved continuing legal education courses in bankruptcy law no later than July 31, 2016. At least two of those eight hours must be devoted to the area of legal ethics or professionalism. None of the required eight hours may be fulfilled by attendance at a course presented by distance learning methods. This paragraph incorporates by reference all definitions set forth in the Mandatory Continuing Legal Education Regulations promulgated by the Virginia State Bar.[10]

---

[10] These regulations are available at http://www.vsb.org/pro-guidelines/index.php/mcle-regs/.

**Orders of the Court**

Based upon the forgoing, the Court ORDERS that:

(1) The Objection to Confirmation of Plan filed by R. Clinton Stackhouse, Jr., Chapter 13 Trustee on June 15, 2015, is SUSTAINED;

(2) Local Bankruptcy Rule 2016-1(C) is SUSPENDED with respect to the attorneys and other professionals affiliated with the Tidewater Law Group, PLLC[11] for all chapter 13 cases filed in this District on or after July 1, 2015, until such time when those attorneys and other professionals can demonstrate an ability to dependably comport with that rule;

(3) The Tidewater Law Group, PLLC report to the Virginia State Bar according to the terms of this Order;

(4) Each Tidewater Attorney complete ECF Training, and submit documentation of completion consistent with this Order, no later than July 16, 2015;

(5) Should any Tidewater Attorney fail to timely complete ECF Training or submit documentation of completion, that Tidewater Attorney will be suspended from electronically filing documents with this Court through CM/ECF, until retraining is obtained;[12]

(6) John W. Tripp shall complete eight (8) hours of continuing legal education according to the terms of this Order;

(7) Mr. Tripp shall file, in this case, a sworn statement certifying his completion of the aforementioned continuing legal education, which shall include the dates, times, locations, and titles of the continuing legal education courses that he attended; and

---

[11] For the avoidance of doubt, this suspension extends to Seth A. Schoenfeld, Esquire; John W. Tripp, Esquire; Kevin D. Frank, Esquire; and Joan W. Champagne, Esquire.

[12] In the event that a Tidewater Attorney is suspended from electronic filing, that attorney need not obtain a waiver to file documents by alternative means. *See* CM/ECF Policy 1.

(8) Should Mr. Tripp fail to file such a sworn statement to this Court by July 31, 2016, the Court will issue an order to show cause for why Mr. Tripp should not be disbarred from this Court.

The Clerk shall deliver copies of this Order to the Debtor; the Tidewater Law Group, PLLC; Seth A. Schoenfeld, Esquire; John W. Tripp, Esquire; Kevin D. Frank, Esquire; Joan W. Champagne, Esquire; R. Clinton Stackhouse, Jr., Chapter 13 Trustee; Kelly Barnhart, Esquire; Michael Cotter, Chapter 13 Trustee; Warren Uthe, Esquire; and Kenneth Whitehurst, Assistant United States Trustee.

IT IS SO ORDERED.

Jul 1 2015

/s/ Frank J. Santoro
FRANK J. SANTORO
United States Bankruptcy Judge

Entered on Docket:7/1/15